UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Rec'd 9/15/14 ha

★ SEP 1 ... 20..

BROOKLYN ...

------------------------------------------------------X

RAYMOND RODRIGUEZ,

NOT FOR PUBLICATION

        Plaintiff,

  -against-

DECISION
AND ORDER

CITY OF NEW YORK; BOB BARKER
COMPANY,

14-CV-5172 (WFK)

        Defendants.

------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 2, 2014, Plaintiff Raymond Rodriguez, currently incarcerated on Rikers

Island, filed this *pro se* action against Defendants City of New York and Bob Barker Company

pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915(a). However, the Complaint is dismissed with leave to replead as

set forth below.

## FACTUAL BACKGROUND

Plaintiff alleges that the City of New York has purchased mattresses from the Bob Barker

Company that have caused him to suffer back pain. Dkt. 1 ("Compl.") at 5. Plaintiff also alleges

that "in [his] unit the methane gas monitor does not work" and that he has "been getting exposed

to . . . gas waste since [his] last incarceration in 1989." *Id.* In addition to the Complaint,

Plaintiff includes a "Presidential Report 2014 New York" written by another inmate also

incarcerated on Rikers Island, Blake Wingate, to President Obama which seeks an "immediate

investigation" of these issues. *Id.* at 7. Plaintiff seeks damages and "to obtain a thicker safer

mattress." *Id.* at 5.

1

## LEGAL STANDARD

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

The Court must screen and dismiss a civil complaint brought by a prisoner against a governmental entity if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Thus, to maintain this action under 42 U.S.C. § 1983, Plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under

2

color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

A.    New York City and its Agencies

To sustain a claim for relief under § 1983 against a municipal defendant, Plaintiff must demonstrate the existence of an officially adopted policy or custom that caused injury, as well as a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (Sweet, J.) ("Following *Iqbal* and *Twombly, Monell* claims must satisfy the plausibility standard[.]"). Here, Plaintiff does not allege the deprivation of a constitutional right. *See, e.g., Howard v. City of New York*, 12-CV-4069, 2012 WL 7050623, at *8 (S.D.N.Y. Dec. 20, 2012) ("The plaintiffs do not, for example, allege facts showing that there is a policy of refusing to provide non-standard beds."), *report and recommendation adopted as modified by* 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013) (Engelmayer, J.). Therefore, he has not made the required showing to confer *Monell* liability on the City of New York, and the claim is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to sue the Corporation Counsel for the City of New York, *see* Compl. at 3, that claim also fails. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. That provision "has been construed to mean that New York City departments [and agencies, such as the Corporation Counsel], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-60 (2d Cir. 2008) (*per curiam*); *see, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Cincotta v. New York City Human Resources Admin.*, 00-CV-9064, 2001 WL 897176, at *10 (S.D.N.Y. Aug. 9, 2001) (Koetl, J.) (Corporation Counsel is not a suable entity). Therefore, the Complaint is dismissed as to Corporation Counsel for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

B.     Private Corporation

Private actors and institutions are not proper defendants to a 42 U.S.C. § 1983 action when they do not act under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (§ 1983 actions do not reach purely private conduct). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). Here, Plaintiff fails to demonstrate that the Bob Barker Company acted under color of state law and that the challenged conduct violated any of Plaintiff's federal constitutional rights. *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir.

4

2012). Therefore, the claim against Bob Barker Company is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

C.    Conditions of Confinement

Even if Plaintiff had named the proper defendants, he has failed to state a claim under 42 U.S.C. § 1983. Claims regarding inadequate conditions of confinement for pre-trial detainees are measured by "whether the conditions amount to 'punishment' without due process in violation of the Fourteenth Amendment." *Lareau v. Manson,* 651 F.2d 96, 102 (2d Cir. 1981) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)). If the conditions do not amount to "punishment," allegations that Defendants have denied Plaintiff access to basic human needs are evaluated under a standard of "deliberate indifference," which requires Plaintiff to establish both that his conditions fell below the "minimal civilized measure of life's necessities," and that Defendants knew of and disregarded an excessive risk to the detainee's health or safety. *Benjamin v. Fraser,* 343 F.3d 35, 50 (2d Cir. 2003); *see also Caiozzo v. Koreman,* 581 F.3d 63, 72 (2d Cir. 2009) (noting that claims for deliberate indifference to the health or safety of a detainee are analyzed the same under the Eighth and Fourteenth Amendments); *Solomon v. Nassau Cnty,* 759 F. Supp. 2d 251, 257-58 (E.D.N.Y. 2011) (Spatt, J.).

Here, Plaintiff alleges that the mattress issued to him and the alleged exposure to methane gas have caused him neck and back pain, headaches, blurry vision and dehydration. Compl. at 4. However, Plaintiff does not state facts sufficient to state a plausible claim that any individual prison official was deliberately indifferent to his serious medical or safety needs. Moreover, Plaintiff's claim that he has been exposed to methane gas since his "last incarceration in 1989," Compl. at 4, is conclusory. *See, e.g., Gladden v. City of New York,* 12-CV-7822, 2013 WL 4647193, at *2 (S.D.N.Y. Aug. 29, 2013) (Castel, J.) (dismissing *pro se* prisoner's complaint

alleging exposure to methane gas while detained at Rikers Island). Therefore, the Complaint is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## CONCLUSION

For the reasons stated above, Plaintiff's *in forma pauperis* Complaint is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within 30 days. If Plaintiff elects to file an amended complaint, he must name the allegedly indifferent prison officials, and he must satisfy the two prongs outlined above. *See Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002). The amended complaint should be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 14-CV-5172 (WFK) (LB). The amended complaint shall completely replace the original complaint and shall be reviewed pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B). If Plaintiff fails to file an amended complaint within 30 days from the entry of this Decision and Order, judgment shall enter dismissing this action in its entirety for the reasons set forth herein. 28 U.S.C. § 1915A; 1915(e)(2)(B). All further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: September 12, 2014
Brooklyn, New York

6